JACOB CRAWFORD and THOMAS D. PENFIELD, Respondents, v. C. BECKER, Impleaded with P. J. SHERWOOD, Appellant.

*Building contract — right of owner to complete work — effect of so doing upon damages for delay.*

A building contract contained a clause authorizing the owner, upon the failure of the contractor to proceed with the work, to notify him that unless he did so proceed he should himself complete it and charge the contractor with the expense of so doing, and another clause providing that for each and every day's delay in completing the building after a date therein specified the contractor should pay the sum of five dollars as and for liquidated damages. The owner, in pursuance of the first clause, notified the contractor and completed the building himself.

*Held,* that he had thereby waived his right to claim the damages provided for in the contract, for a failure to complete the building by the specified time.*

Appeal by defendant Becker from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to foreclose a mechanic's lien. The only question in the case arose upon the effect of two clauses contained in a contract for the erection of a house entered into between the defendant Becker, the owner of the land, and the defendant Sherwood. The clauses were as follows:

"*Sixth.* Should the contractor, at any time, during the progress of the said works, refuse or neglect to supply a sufficiency of materials or of workmen, or cause any unreasonable neglect or suspension of the work, or fail or refuse to comply with any of the articles of agreement, the owner or his agent shall have the right and power to enter upon and take possession of the premises, and provide materials and workmen sufficient to finish the said works, after giving four days' notice in writing, and the expense of the same shall be deducted from the amount of the contract.

"*Tenth.* Should the contractor fail to finish the work at or before the time agreed upon, he shall pay to the party of the first part the

* See Murphy v. Bucknam, 66 N. Y., 297–300.— [Rep.

sum of five dollars for each and every day thereafter the said work shall remain unfinished, as and for liquidated damages."

*W. P. Prentice,* for the appellant.

*Martin J. Keogh,* for the respondent.

Dykman, J.:

This is an action to foreclose a mechanic's lien. The plaintiff furnished material to the contractor for the erection of a building for the owner. The contractor continued work until he had received three installments, and there remained unpaid on his contract the sum of $1,000. He abandoned the work on the 18th day of November, 1876, soon after he received the last payment, but he had then expended considerable sums of money in procuring articles to be used in the completion of the building, so that it only cost the owner $485.40 to finish it after the contractor left off work. On the 24th day of November, 1876, the owner gave notice to the contractor, under a clause in the building contract authorizing him so to do, that unless the contractor proceeded with the work he should himself complete the building and charge him with the outlay necessary therefor; and the owner did so finish the building, at the expense mentioned above.

The building was thus completed, and there remained unexpended and unpaid of the contract price $514.60. This money was then due and payable to the contractor. The plaintiffs filed their notice of lien on the second day of December, 1876, and that gave them the right to recover all that was then due to the contractor and that became due thereafter. They have recovered the balance of the $1,000 which remained unexpended after the completion of the building; and so far there is no difficulty in sustaining the recovery.

Another point is raised by the appellant, which was ruled against him on the trial. The written contract between the contractor and owner for the erection of the building fixed the first day of November, 1876, as the time for the completion of the building, and in relation thereto stipulated, that should the contractor fail to finish the work at or before the time agreed upon, he should pay to the

owner the sum of five dollars for each and every day thereafter the said work should remain unfinished, as and for liquidated damages. Assuming that the sum of five dollars a day is to be considered as liquidated damages and not as a penalty, it was inserted in the contract for the indemnity of the owner against the damage he might sustain by reason of the failure of the contractor to finish the building at the time mentioned. He might have relied upon this for his security and left the building incomplete. Instead of doing that he proceeded under the other provision of the contract and finished the building. We think, therefore, he must be held to have waived the penalty which was imposed for the failure to complete the building in time.

We have thus examined the two questions which control the case, and we think, upon the whole, the judgment should be affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.